## DAUGHERTY *v.* PARK.

1. APPEAL AND ERROR—REMARKS OF TRIAL COURT—RECORD—PREJUDICIAL ERROR.

    Remarks of trial judge in fraud case, when considered in the light of the context of the record and the circumstances under which the observations were made, *held*, not prejudicial to appellant.

2. FRAUD—ADMISSION OF TESTIMONY.

    Much latitude is allowed in the admission of testimony when the existence of fraud is an issue and a wide inquiry into the transactions between the parties is permissible but irrelevant or improper testimony is inadmissible.

3. SAME—EVIDENCE.

    Fraud may not be lightly presumed but must be clearly proved and established by satisfactory evidence and by facts which are inconsistent with an honest purpose.

4. BANKS AND BANKING—STOCKHOLDERS' ASSESSMENT—FRAUD—
EVIDENCE.

> In stockholder's action against bank and its officer for alleged
> fraud in procurement from plaintiff of a voluntary 100 per
> cent. stockholders' assessment and subsequent transfer of
> stock, where plaintiff's proof of fraud was neither clear nor
> satisfactory and the evidence presented was not inconsistent
> with an honest purpose by the defendants and where, on cross-
> examination, she disclaimed any fraudulent purpose on the
> part of the officer, verdict and judgment were properly ren-
> dered for defendants.

5. SAME—VOLUNTARY STOCK ASSESSMENT—ASSUMPSIT.

> Stockholder of bank *held*, not entitled to recover, under count
> in assumpsit, a voluntary 100 per cent. assessment which was
> to be held pending the levying of an assessment by the State
> banking department or a subsequent distribution by the bank
> later on when conditions became more stabilized where she
> subsequently transferred stock to another and the stockholders
> thereafter paid a 300 per cent. assessment to reinstate the
> capital structure of the bank with the approval of the State
> banking department (3 Comp. Laws 1929, § 11941).

Appeal from Tuscola; Cramton (Louis C.), J. Submitted April 13, 1939. (Docket No. 98, Calendar No. 40,292.) Decided July 6, 1939.

Action by Jane Daugherty against Samuel R. Park and People's State Bank for damages for misrepresentations as to the value of stock and for sum paid on an alleged bank stock assessment. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Otto J. Manary,* for plaintiff.

*Roland O. Kern,* for defendants.

BUSHNELL, J. In a former trial, defendants had a judgment in their favor on the verdict of a jury, which judgment was reversed and a new trial

granted.  See *Daugherty* v. *Park,* 274 Mich. 673.
That action of fraud was for the purpose of recovering $2,000 paid by plaintiff and the value of 20 shares
of stock in defendant bank.  Defendants claimed the
$2,000 was paid as voluntary contribution and as a
part of a plan to rehabilitate the bank.  The factual
statement of the former opinion is applicable to the
present appeal, except that, after a new trial was
granted by this court, plaintiff filed an amended declaration adding a count in assumpsit.  Plaintiff appeals from a judgment entered for defendants upon
the verdict rendered by a jury.

After Mrs. Daugherty paid the $2,000, she received
a letter signed by defendant Park and written on the
letter-head of defendant People's State Bank, dated
December 15, 1931.  This letter is as follows:

"This letter will serve to acknowledge receipt of
your payment to us of the sum of $2,000 in payment
of a voluntary 100 per cent. assessment upon your
stock in this bank.  Your funds are being credited to
an account entitled 'stockholders' contingent liability
account' and will be so held pending the levying of
an assessment by the State banking department or a
subsequent distribution by us later on when conditions become more stabilized.

"Personally, I again want to thank you for your
fine spirit and for the encouragement which it gives
us.  In these days of worry and stress it is indeed
refreshing to feel that our stockholders are so loyal
and devoted to our bank and that they with one accord step right up and lay their money on the line.

"I do want you to know that the officers of this
bank will leave nothing undone to preserve and protect your investment in every way.  Into the upbuilding of this bank we have put the very best that was
in us in the way of thought and effort.  We have been
diligent and painstaking and can assure you that

while we have some shrinkage in our assets yet they are all clean and sound.

"Your loyalty and devotion to our cause is an inspiration to us and we assure you that we will do our level best to merit it in every way. Were it not for our faith in God and in our fellowmen these days the weight of our burdens might be more than we could bear, however, we have a deep feeling of assurance that it is only a matter of time until the general situation will improve and we will all be stronger and better men and women for having tasted adversity."

The record in the present appeal contains 118 assignments of error which are summarized in appellant's brief into 14 separate questions. In the statement of questions involved, appellant lists over 40 claimed errors of the court by references to specifically numbered assignments of error. Many of these refer to remarks made by the trial judge, which are claimed to be prejudicial and argumentative; others pertain to the admission or exclusion of testimony. Many of the court's rulings were accompanied by some comment and, because of the possible influence of such observations upon the jury's verdict, *McDuff* v. *Detroit Evening Journal Co.,* 84 Mich. 1, 10 (22 Am. St. Rep. 673), we have carefully examined the matters referred to in appellant's brief. Considered in the light of the context of the record and the circumstances under which the observations were made, it cannot be said that the remarks were of such a nature that they were prejudicial to appellant. *Lamb* v. *Lippincott,* 115 Mich. 611.

Much latitude is allowed in the admission of testimony when the existence of fraud is an issue, *Taylor* v. *Ward,* 264 Mich. 118, and a wide inquiry into the transactions between the parties is permissible, *Gumberg* v. *Treusch,* 103 Mich. 543, but irrelevant or improper testimony is no more admissible than in

other cases, *Wessels* v. *Beeman,* 87 Mich. 481. See, also, *Sun Life Assurance Co. of Canada* v. *Allen,* 270 Mich. 272. The court said in *Baker* v. *Frischkorn,* 271 Mich. 485:

"Fraud may not be lightly presumed. It must be clearly proved and established by satisfactory evidence and by facts which are inconsistent with an honest purpose. *Pierce* v. *Pierce,* 55 Mich. 629; *Graham* v. *Graham,* 184 Mich. 638; *Donnelly* v. *Lyons,* 173 Mich. 515."

Plaintiff, on cross-examination, disclaimed any fraudulent purpose on the part of defendant Park. Her proof of fraud was neither clear nor satisfactory and the evidence presented was not inconsistent with an honest purpose by the bank and its cashier.

We are satisfied that a fair trial was had and that the record does not show prejudicial error affecting the determination of the fraud issue raised by plaintiff, nor that, if a new trial is granted, the third jury would come to any other determination than the first two in this respect.

Plaintiff contends that the letter herein quoted is a contract and establishes her right to recover in assumpsit. The language of the letter describes its import as that of a receipt. And, on direct examination, she said she was told to keep the letter as a receipt for the $2,000. The jury was instructed that plaintiff's right to repayment only existed so long as she continued to be the owner of 20 shares of stock and her transfer of ownership deprived her of any right to recover unless the transfer was the product of fraud. The argument that plaintiff's right to recover is analogous with the right to receive dividends may or may not apply. Plaintiff's transfer of ownership of the 20 shares of bank stock to Mr. Robinson was accompanied by a written instrument wherein

plaintiff recited that, on May 15, 1933, about a year and a half after she had made the payment referred to in the quoted letter, the assets of the bank had become so depreciated as to seriously impair its capital and that she recognized her statutory liability as a stockholder and was unable to discharge such liability. Assuming the letter to be a contract, plaintiff's right to recover in assumpsit is based upon a right of subsequent distribution "when conditions become more stabilized," and in the absence of "the levying of an assessment by the State banking department." Robinson, who purchased Mrs. Daugherty's stock, and the other stockholders subsequently paid 300 per cent. on their stock in order to reinstate the capital structure of the bank, all with the approval of the State banking department. The then deputy banking commissioner testified that:

"We approved of it. It was not necessary for us to take any official action as it was a voluntary contribution on the part of the stockholders,"

and the bank was advised of the department's approval of its contemplated action. Under the banking statute, 3 Comp. Laws 1929, § 11941 (Stat. Ann. § 23.48) this bank could have been required to repair the deficiency in its capital structure. This it did under the direction and supervision of the department. The intent and purpose of the payment of $2,000 by Mrs. Daugherty, as described in the letter, was thereby fully satisfied.

The judgment is affirmed, with costs to appellees.

Butzel, C. J., and Wiest, Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred.